# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Pellerin, Angie Pellerin, X.X., a minor by and through her guardian ad litem; and X.Y., a minor by and through his guardian ad litem,<br><br>　　　　Plaintiffs,<br><br>　　　vs.<br><br>Caryn Wagner, Lyn Hart, Clarence H. Carter, Arizona Department of Economic Security, City of Buckeye, Buckeye Police Department,<br><br>　　　　Defendants. | 2:14-cv-02318 JWS<br><br>ORDER<br><br>[Re: Motion at Docket 112] |

　　At docket 112, Plaintiffs filed a motion to compel requesting that Defendant Caryn Wagner ("Wagner" or "Defendant") be ordered to produce requested documents. Defendant responds at docket 118. Plaintiffs reply at docket 121. Oral argument was requested, but would not be of assistance to the court.

　　Defendant is a social worker with the Arizona Department of Economic Security ("ADES"), Department of Child Safety ("DCS"). Plaintiffs noticed the deposition of Defendant on November 18, 2015. Pursuant to Rule 30(b)(2) she accompanied the notice with a Rule 34 request for Defendant to produce documents. The requested items were as follows:

1) Documents reviewed by Wagner in preparation for the deposition.

2) Training documents received by Wagner regarding the policies, practices, and procedures pertaining to the right of familial association;

3) Training documents received by Wagner regarding the policies, practices, and procedures pertaining to the circumstances under which judicial authorization must be obtained prior to removing a child from the custody of his or her parents;

4) Training documents received by Wagner regarding the policies, practices, and procedures pertaining to the duties of a social worker to prevent constitutional violations;

5) Training documents received by Wagner regarding any agreement, policy, practice, custom, or procedure between ADES and the City of Buckeye pertaining to the use of police assistance to remove a child from his or her parent's custody;

6) Training documents received by Wagner regarding disciplinary policies, practices, and procedures that apply to a social worker when he or she violates constitutional rights;

7) Training documents received by Wagner regarding disciplinary measures employed by ADES in relation to its agents;

8) Training documents received by Wagner that discuss the requirement to include exculpatory evidence in reports filed with juvenile courts;

9) Any documents that describe or involve disciplinary measures taken against Wagner; and

10) The entire email chain related to the email sent to Gene M. Burns at 6:13 p.m. on June 13, 2013, that was included in Wagner's case notes, including all previous emails on the subject of the juvenile court's order of June 13, 2013, and all replies or responses to Wagner's email.[1]

Defendant did not submit any objections to the requested items. After the initial deposition had to be canceled, Plaintiffs sent another deposition notice to Defendant on December 22, 2015, and asserted that the request for production remained in effect. Defendant again did not submit any objections to the requested documents.

Defendant was deposed on January 19, 2016. She failed to produce the requested documents, testifying that her counsel told her not to bring documents to the deposition and testifying that she did not make an effort to locate any of the requested

---

[1] Doc. 112-3 at pp. 7-10.

items.² Defendant's counsel did not object to the production of the requested items but, rather, agreed to provide some of the requested documents and otherwise discuss production of the remaining documents at a later date. After Defendant's counsel failed to provide any documents, Plaintiffs' counsel sent a meet-and-confer letter regarding the matter on February 9, 2016, but never received a response. In April, Plaintiffs' counsel inquired about the matter again, and the parties participated in a teleconference where Defendant's counsel agreed to provide a response by May 13, 2016. Counsel never provided a response or documents, and this motion followed. In her opposition memorandum, Defendant now asserts that all responsive documents have already been turned over in the discovery process, are not in her possession, or otherwise do not exist.

"[A] party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery" and "is under an affirmative duty to seek that information reasonably available to it."³ Relatedly, in responding to a discovery request, a party must make a reasonable inquiry to locate responsive documents. "[I]f no responsive document exists . . ., the responding party should so state with sufficient specificity to allow the [c]ourt to determine whether the party made a reasonable inquiry and exercised due diligence."⁴ Defendant's response to Plaintiffs' request for production has been insufficient. She never provided any formal response to Plaintiffs' request. Only in her opposition memorandum did she provide any reason for her non-production, and she provides little to no support for her assertion that the documents have already been produced or do not exist. Accordingly, Plaintiffs' motion to compel is GRANTED as more specifically outlined below.

---

²Doc. 112-3 at p. 23, 24

³*A. Farber & Partners, Inc. V. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted).

⁴*Holt v. Nicholas,* No.1:09-cv-00800, 2014 WL 250340, at *3 (E.D. Cal. Jan. 22, 2014).

**Item 1: Documents reviewed in preparation for deposition**

In her opposition memorandum, Defendant asserts that in preparation for her deposition she reviewed Plaintiffs' DCS case file that had already been turned over to Plaintiffs. Defendant indicated that she primarily relied on the "narrative" version of a "DCS hotline report summary." She asserts that the case file in Plaintiffs' possession contained a redacted version of that summary and that the only difference between the narrative version and the redacted version is that the source of the complaint against Plaintiffs is not listed in the redacted version. She asserts that Plaintiffs already know the source's name because he was disclosed as a witness. In other words, Defendant, who did not formally object to the production of the document, now asserts that production would be duplicative and unnecessary. Defendant waived any opportunity to object, and Plaintiffs should be able to verify Defendant's assertion that the narrative version of the summary is the same as the version in their possession. Defendant is ordered to turn over the narrative version she reviewed in preparation for her deposition on or before August 8, 2016.

**Items 2-5, 8: Training materials received by Defendant**

Defendant asserts in her opposition memorandum that she previously disclosed the name of the training courses she completed as part of her employment with DCS and that ADES already responded to a similar discovery request. She also asserts in her memorandum that she personally did not keep any course materials. She failed to provide any formal response to this effect. As noted by Plaintiffs, "[t]he unsupported statement of counsel in the context of an opposing memorandum does not supplant Defendant's obligation to properly respond to discovery."[5] Moreover, her assertion that she and ADES/DCS do not have any responsive materials is belied by her deposition testimony, where she stated that she did not look for any such training materials in her possession and where she stated that DCS has training coordinators and a training

---

[5]Doc. 121 at p. 8.

department that might have course materials.[6] The court therefore orders Defendant to make a reasonable effort to locate any training materials or other documents related to ADES/DCS policies and practices in her or ADES/DCS's possession that she would have received or reviewed as part of her employment. To ensure that she makes a reasonable inquiry and provides an adequate response, Defendant must provide a declaration detailing the nature of her search to locate responsive documents in her possession and a declaration from the appropriate department agent detailing efforts taken to look for other training or policy materials that Defendant would have received as part of her employment with the department. To the extent Defendant asserts that Plaintiffs have already received responsive materials related to the requested training topics, the court directs her to provide a log to identify which documents previously turned over are responsive to which items on Plaintiffs' list. Defendant must turn over the required materials, declarations, and log on or before August 8, 2016.

**Items 6, 7, 9: Disciplinary materials**

Plaintiffs have asked Defendant to turn over documents that describe or involve any disciplinary measures taken against Defendant and to turn over materials and documents setting forth ADES/DCS's disciplinary policies that Defendant received as part of her training and employment. In her opposition memorandum she simply asserts that she has never been disciplined in the course of her employment with DCS. That does not fully address the request. The court directs Defendant to make a reasonable effort to locate materials or documents related to ADES/DCS's disciplinary policies. To ensure that she makes a reasonable inquiry, Defendant must provide a declaration detailing the nature of her search to locate responsive documents in her possession and a declaration from the appropriate department agent detailing efforts taken to look for materials related to disciplinary policies that Defendant would have reviewed or received as part of her employment with DCS. To the extent Defendant

---

[6]Doc. 112-3 at pp. 24, 26-29.

asserts that Plaintiffs have already received responsive materials, the court directs her to provide a log identifying which documents previously turned over are responsive to which item on Plaintiffs' list.  Defendant must turn over the required materials, declarations, and log on or before August 8, 2016.

**Item 10: Email chain**

Defendant asserts in her memorandum that ADES produced "[c]opies of all emails relevant to [Plaintiff's] case that are contained in the DCS file on the DSC servers" as of May 15, 2015.[7]  However, Defendant's response does not specifically address the issue of the email chain associated with the June 13, 2013 email to Gene Burns that Plaintiffs requested.  The court orders her to produce the full email chain as described in Plaintiffs' request for production.  If the full email chain cannot be located, Defendant is ordered to provide a declaration from the appropriate agent in the information services department averring to efforts made to locate the emails and metadata.  Defendant must comply on or before August 8, 2016.

DATED this 8th day of July 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[7] Doc. 118 at p. 3.